Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| IVÁN SANTOS CAMACHO<br><br>Demandante-Recurrido<br><br>v.<br><br>PABLO ORTIZ MARRERO, VÍCTOR SUÁREZ AGOSTO, FULANO DE TAL<br><br>Demandados-Peticionarios | KLCE202400942 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso núm.: BY2023CV02394 (701)<br><br>Sobre: Sentencia Declaratoria, Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de septiembre de 2024.

En un caso sobre deslinde entre vecinos, el Tribunal de Primera Instancia ("TPI"), ante una segunda moción de desestimación por prescripción, refirió a la parte demandada a su determinación en cuanto a la primera moción de desestimación por prescripción. Según se explica a continuación, por haber actuado razonablemente el TPI, en el ejercicio de nuestra discreción, declinamos la invitación a intervenir con la decisión recurrida.

I.

En mayo de 2023, el Sr. Iván Santos Camacho (el "Demandante") presentó la acción de referencia (la "Demanda") en contra, en lo pertinente, del Sr. Pablo Ortiz Marrero (el "Vecino"). El Demandante alegó ser dueño de una finca en Corozal (la "Finca"). Señaló que el Vecino era dueño de una finca que colindaba con la suya y, también, de una "estructura de tubos y techada en zinc", la cual se encontraba en la Finca. Afirmó que el Vecino niega que la

estructura esté ubicada en la Finca. Solicitó al TPI que declare "los linderos de la propiedad de cada una de las partes" y ordene al Vecino a "remover cualquier estructura o porción de esta que esté" en la Finca.

En agosto de 2023, el Vecino presentó una moción de desestimación (la "Primera Moción"). Arguyó que la Demanda estaba prescrita porque el término aplicable era el de cuatro años asociado a una acción de nulidad contractual.

El Demandante se opuso a la Primera Moción. Planteó que la Primera Moción era "confusa"; no obstante, consignó que "solo desea que se respeten los linderos de su propiedad y privada", y que no ha impugnado o reclamado la validez de contrato alguno, como tampoco ha cuestionado la cabida de una finca". Por tanto, señaló que la Demanda "nada tiene que ver con derecho de contratos".

Mediante una Resolución notificada el 17 de octubre (la "Primera Resolución"), el TPI denegó la Primera Moción. Razonó que la Demanda era, en esencia, sobre deslinde, y que este tipo de acción no tiene término prescriptivo alguno, bien bajo el anterior Código civil, o bien bajo el actual.

En junio de 2024, el Vecino presentó otra moción de desestimación por supuesta prescripción (la "Segunda Moción").

El Demandante se opuso a la Segunda Moción. Sostuvo que la Segunda Moción era "una fiel reproducción actualizada" de la Primera Moción. Afirmó que ambas mociones "aluden a principios generales de contratos y conceptos de prescripción de acciones que nada tienen que ver con esta acción de deslinde, la cual es imprescriptible". Arguyó que la Primera Resolución constituye la ley del caso al respecto.

Mediante una Resolución notificada el 17 de julio (la "Segunda Resolución"), el TPI denegó la Segunda Moción, limitándose a referir al Vecino a la Primera Resolución.

El 1 de agosto, el Vecino solicitó la reconsideración de la Segunda Resolución, lo cual fue denegado por el TPI mediante una Resolución notificada el 2 de agosto.

Inconforme, el 30 de agosto, el Vecino presentó el recurso que nos ocupa, en el cual solicita que revisemos la Segunda Resolución. Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari.* Al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. […]

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

Hemos determinado, en el ejercicio de nuestra discreción, no intervenir con lo actuado por el TPI. Veamos.

No se ha demostrado que estemos ante una determinación claramente errónea o que haya causado un "fracaso de la justicia", de tal modo que se justifique nuestra intervención. Véase Regla 40(A) y 40(G) de nuestro Reglamento, *supra*. Adviértase que lo planteado por el Vecino en la Segunda Moción ya se había resuelto por el TPI a raíz de la Primera Moción. Los asuntos ante la consideración de los tribunales deben encontrar, en algún momento, punto final. Salvo que estén presentes circunstancias muy extraordinarias, no presentes aquí, la norma es que una parte está impedida de presentar los mismos argumentos, una y otra vez,

para resolución judicial. *Mgmt. Adm. Servs. Corp. v. E.L.A.,* 152 DPR 599, 606-08 (2000); *Pueblo v. Román Martir,* 169 DPR 809, 823-24 (2007) (fundamentos no aducidos oportunamente se entienden renunciados).

Al no haberse alegado la ocurrencia de algún evento pertinente, fáctico o jurídico, posterior a la Primera Resolución, el TPI podía, como lo hizo, disponer de la Segunda Moción refiriendo al Vecino a la Primera Resolución.

IV.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones